UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUDRIC NASERRI, an individual,

    Plaintiff,

vs.                                      CASE NO.:

ARTICHOKE CATERING, INC. a
Florida profit corporation d/b/a
Artichoke & Company, and BRENDEN
GORMAN, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Audric Naserri ("Plaintiff"), by and through undersigned counsel, sues Defendants, Artichoke Catering, Inc. d/b/a Artichoke & Company ("Artichoke") and Brenden Gorman ("Gorman") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought against Defendants for damages resulting from Defendants' violations of the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), including, unpaid overtime compensation and withheld tips.

Page 1 of 9

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Lee County, Florida. At all times pertinent, Plaintiff worked for Defendants in Lee County, Florida.

5. Defendant, Artichoke, was and is a Florida profit corporation conducting business in Lee County, Florida, within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6. Defendant, Gorman, was and is an individual who owned and/or operated Defendant, Artichoke, and/or who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant, Artichoke, and over Plaintiff, Defendant, Gorman, is an employer as defined by 29 U.S.C. § 201 et seq.

7. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the

meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8. At all times material, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10. Defendant, Artichoke, was and is a Florida profit corporation with a principal place of business in Lee County, Florida, and subject to the requirements of the FLSA.

11. Defendants are an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12. Defendants employ employees that handle goods or materials that have moved in interstate commerce, such as food products, beverages, and restaurant supplies.

13. Defendants employ employees that are individually covered by the FLSA, such as servers and bartenders that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

14. Defendants are in the business of full-service custom catering and event planning, offering services including: custom catering; event planning for weddings, corporate and private parties; table, chair and other miscellaneous rentals; and bar services throughout the state of Florida. On their website (https://www.artichokeandcompany.com/), Defendants state that they have been serving South Florida for over twenty-five years and have handled hundreds of thousands of events.

15. Plaintiff regularly prepared and/or served food and alcoholic beverages for customers traveling from outside of Florida into Florida.

16. Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

17. Defendants employed Plaintiff in Lee County, Florida, as a chef, bartender, and lead server, for approximately six (6) months, through on or around, April 10, 2022. Plaintiff's primary job duties included preparing and/or serving food and alcoholic beverages for customers of Defendants.

18. Defendants compensated Plaintiff on a bi-weekly basis at an hourly rate of $18.00 per hour, plus tips, for his bartending and service shifts throughout the duration of his employment (except for his first paycheck, which was for $17.00 per hour).

19. Defendants wrongfully compensated Plaintiff at a straight time rate of $18.00 per hour for hours worked over eighty (80) in a two (2) week period.

20. Defendants also wrongfully withheld tips earned by Plaintiff and did not allow Plaintiff to retain the tips he earned.

21. Plaintiff's schedule varied, however, Plaintiff regularly worked over forty (40) hours in a workweek while employed by Defendants. Plaintiff estimates working at least 370.5 overtime hours during his employment for which he was not properly compensated.

22. Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at a rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours and to not allow Plaintiff to retain his tips earned.

23. Defendants willfully violated the FLSA, failed to provide Plaintiff overtime compensation, and failed to provide Plaintiff with his tips earned.

24. To the extent any time, pay, or tip records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

25. Plaintiff objected and complained that Defendants were failing and/or refusing to provide Plaintiff with his tips as required by law, however, was not given a straight answer.

26. Plaintiff has been required to retain counsel to prosecute the claims herein and is obligated to pay counsel reasonable attorneys' fees and costs.

27. All conditions precedent to this action have been satisfied.

## COUNT I
### (Failure To Pay Overtime Wages In Violation Of FLSA, 29 U.S.C. § 207)

28. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff worked more than forty (40) hours in a week one or more weeks during his employment with Defendants.

30. Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek. Specifically, Defendants wrongfully compensated Plaintiff at a straight time rate for all hours worked, including all hours worked over forty (40) in a workweek.

31. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants owe Plaintiff unpaid overtime compensation.

33. Defendants FLSA violations were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or

    in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

d. award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendants;

f. declare that Plaintiff was a non-exempt employee of Defendants; and

g. award all other relief as the Court deems just and proper.

## COUNT II
### (Unlawful Taking Of Tips In Violation Of FLSA, 29 U.S.C. § 203)

34. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

35. Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and, therefore, is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(1), *see also* 29 C.F.R. § 531.50.

36. Under 29 U.S.C. § 203:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

37. During the employment, Defendants wrongfully and systematically withheld tips earned by Plaintiff from Plaintiff's compensation, wrongfully retaining the tips earned by Plaintiff in violation of the FLSA.

38. Specifically, as a matter of routine, Defendants would charge customers a 15% gratuity for all food that involved service and for all bartending services.

Despite telling Plaintiff and his coworkers that the gratuity would be equally divided and included on their paychecks, this rarely, if ever, happened. Defendants withheld the tips earned by Plaintiff, resulting in an underpayment of wages to Plaintiff.

39. Plaintiff confronted Defendants about the above practices and allegations, however, was unable to obtain an adequate response.

40. Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

41. At the time of their illegal conduct, Defendants knew or showed reckless disregard that retaining Plaintiff's tips was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which he was entitled.

42. Defendants' failure and refusal to pay Plaintiff the tips he earned violates the FLSA.

43. Defendants FLSA violations were knowing and willful.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, including but not limited to all misappropriated tips, plus interest, liquidated damages, attorneys' fees and costs, and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*s/ Bradley P. Rothman*
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*
